USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/25/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Judgment Creditor,

    v.

RAVI PERSAUD,

                Judgment Debtor,

and

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,

                Third-Party Respondent.

09-CR-958-07 (AT)

**TURNOVER ORDER**

      WHEREAS the Court sentenced Ravi Persaud on February 25, 2011, and ordered him to pay $900,000 in restitution to the victims of his crime;

      WHEREAS Persaud has made payments totaling $138,594.25, and his outstanding balance is $761,405.75 as of February 10, 2023;

      WHEREAS, pursuant to 18 U.S.C. § 3613, upon entry of judgment, a lien arose on all of Persaud's property and rights to property notwithstanding any other federal law, and the United States may use any federal or state procedure to enforce the judgment;

      WHEREAS, pursuant to Federal Rule of Civil Procedure 69(a)(1) and N.Y. CPLR § 5222, the United States issued and served restraining notices on Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill") for substantial nonexempt property belonging or due to Persaud;

      WHEREAS Merrill answered that it holds approximately $79,000, subject to market fluctuation, in Persaud's IRA number ending in 0363;

WHEREAS the United States served Persaud with the restraining notice and its motion for turnover order, including the exclusive and limited exemptions available to criminal judgment debtors under 18 U.S.C. § 3613(a);

WHEREAS Persaud filed a response to the motion that neither claimed any exemption nor requested a hearing;

WHEREAS Persaud has a substantial nonexempt interest in the funds held by Merrill, to which the criminal judgment lien has attached, and therefore these funds are subject to turnover;

IT IS HEREBY ORDERED that MERRILL shall liquidate securities as needed to pay to the Clerk of Court the nonexempt property it has in its possession, custody, or control belonging to or due the defendant-judgment debtor, RAVI PERSAUD, namely 100% of the full liquidated value of his IRA number ending in 0363, less any deductions required by law, with no withdrawal penalty. *See* 18 U.S.C. § 3613; *United States v. Irving*, 4452 F.3d 110, 126 (2d Cir. 2006) (MVRA permits the government to garnish assets held in a retirement account, including an IRA, to satisfy a restitution order); and *United States v. Novak*, 476 F.3d 1041, 1062 (9th Cir. 2006) (involuntary court-ordered distributions from retirement accounts to pay criminal restitution are not subject to additional tax or penalty for early withdrawal);

Payment should be made by cashier's check or certified funds to "Clerk of Court" with "No. 09 CR 958-07" written on the face of the payment and mailed to:

United States District Court
500 Pearl Street, Room 120
New York, New York 10007
Attn: Cashier

Dated: New York, New York
       February 24, 2025

_____
ANALISA TORRES
United States District Judge